## No. 75
## HASSEL et al. v. GAYDOS

Ohio Appeals. 9th Dist. Lorain Co.
No. 292. Decided Nov. 15, 1924.

**297. CONTRACTS—1. When a contract is modified, the modification must be supported by some consideration.**

**2. Option to purchase held a mere offer to sell until accepted.**

**561. FRAUDS, STATUTE OF—Contracts for sale of land or to sell land must be in writing if merely executory.**

WASHBURN, J.

### Epitomized Opinion
Published only in Ohio Law Abstract

Gaydos sued Blanche Hassel and Benedict Hassel to recover damages for breach of a contract by which it was claimed that the defendant sold a certain farm to the plaintiff. According to the written agreement defendants agreed to sell and convey the property to Gaydos "at any time on or before Mar. 1, 1922, upon the exercise of the within option" was to pay certain moneys. It waas also agreed that if this option was exercised, the defendants should retain possession until April 1st, 1922 and also that if not purchased by Mar. 1, 1922, the plaintiff lost all right to the deposit which he had made in the beginning. It was not claimed that the plaintiff complied with said contract on or before Mar. 1, 1922, but it was claimed that a subsequent oral agreement was made extending the time of performance on the part of Gaydos. No money was ever tendered to the defendant. The case was tried upon the theory that the contract was an absolute contract of sale and that the subsequent verbal arrangement between the parties was a mere modification of the time of payment. The trial resulted in a verdict and judgment in favor of plaintiff, whereupon defendant prosecuted error. In reversing the judgment, the Court of Appeals held:—

1. A modification of a contract being a new contract, a consideration is necessary to support the new agreement, as, when it is to extend the time of payment.

2. As the written agreement was a mere offer on the part of the defendants, which Gaydos had a right to accept at any time within the six months, the most that can be said in regard to the extension of time is that the defendants made a new offer which was not accepted by the plaintiff by a tender or offer to perform the contract. Therefore, the defendants were not bound to perform.

3. As there was no evidence in support of any consideration for a new agreement, or modification of the written agreement, the modification is not binding.

4. As the modification was executory and not in writing, it came within the provisions of the statute of frauds and for this reason is not enforceable.

Attorneys—H. W. Ingersoll and Geo. B. Marty, for Hassel; Schaefer & Lawrence and Findley & Myers, for Gaydos, all of Elyria.

---

## No. 76
## TARBELL v. DIETHER

Ohio Appeals, 8th Dist., Cuyahoga Co.
Nos. 5278, 5279. Decided Oct. 27, 1924.

**923 PLEADINGS—Illy drawn petition stating cause of action, good as against demurrer.**

PER CURIAM.

### Epitomized Opinion
Published only in Ohio Law Abstract

These actions were brought in the Cuyahoga Common Pleas by Tarbell to recover a balance on a written contract for the sale of real estate to Diether. The balance of $6200 in form of mortgages was not paid, and upon suit brought in Common Pleas, foreclosure judgment and sale of property resulted. Under the contract, there was still a balance of $2900 due, and when sued for in Common Pleas Court a demurrer was filed by Diether, which was sustained. The plaintiff not desiring to plead further, had judgment declared against him.

The Court of Appeals in reversing this judgment with direction to overrule the demurrer held:

Although Tarbell's petition is not cunningly drawn, it states a cause of action that would be good as against a demurrer.

Attorneys—Turney and Sipe for Tarbell; Sobul and Elder for Diether, all of Cleveland.